652 So.2d 108 (1995)
Stanley WILLIAMS,
v.
LOUISIANA COCA-COLA COMPANY.
No. 94-CA-810.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 1995.
Writ Denied May 12, 1995.
*109 William Mustian, III, Metairie, for plaintiff/appellee, Stanley Williams.
M. Blake Monrose, Lafayette, for defendant/appellant, Louisiana Coca-Cola Bottling Co.
Before BOWES, GAUDIN and GRISBAUM, JJ.
BOWES, Judge.
Defendant/appellant, Louisiana Coca-Cola Bottling Company LTD (hereinafter "Coca-Cola"), appeals a judgment of the Office of Workers Compensation denying its intoxication defense to the claim filed by plaintiff/appellee, Stanley Williams (hereinafter "Williams"). For the following reasons we reverse.

FACTS
Williams filed a claim for worker's compensation benefits against his employer, Coca-Cola, in November, 1992, claiming that he was injured on February 8, 1990, while within the course and scope of his employment. Williams alleged that he was involved in a one vehicle accident when he lost control of the semi-trailer truck he was driving, which suddenly jackknifed, resulting in severe injuries to multiple parts of his body, including his neck, back, chest, and ribs. Following the accident, Williams was taken to Pendleton Memorial Hospital where he was treated for his injuries. Coca-Cola paid compensation benefits, including temporary total disability and medical benefits, until it learned in 1993 that the hospital records of the original admission to Pendleton contained test results which indicated the presence of cocaine *110 metabolites in plaintiff's system at the time of admission.
Defendant then terminated the compensation benefits, and subsequently Williams initiated the present proceedings. For purposes of convenience, the issue of liability and the defense of intoxication was bifurcated from the question of entitlement to indemnification and/or medical benefits. Trial on the initial question of liability was held in March, 1994.
At the hearing, Coca-Cola presented, over the objection of Williams, the certified hospital records from Pendleton which showed that (apparently) as part of the routine admissions procedure, several blood and urine tests were taken; benzoylecoonine, a cocaine metabolite, and codeine were detected in plaintiff's urine. Defendant presented no other evidence. Williams testified that he has never used cocaine at any time, had not used it on the date of the accident, and was not under the influence of any drugs at the time of the accident. He stated that on the evening of the accident, the trailer was leaning to one side because the beverage cases had been loaded improperly, with all the weight on one pallet on one side of the trailer. The night crew who loaded the truck had gone, and he did not attempt to have the truck reloaded. He was able to drive the truck, but in going over the overpass, the trailer itself began to jackknife, and the trailer itself turned around, hitting the cab of the truck several times. Williams was eventually able to maneuver the truck to a stop. No other witnesses or evidence was submitted.
Following the hearing, the trial court found that Coca-Cola had met its burden of proving intoxication under La.R.S. 23:1081(12), infra, and was entitled to the presumption of causation thereunder. However, the court found further that plaintiff met his burden of proving that the intoxication was not a contributing cause of the accident, and the intoxication defense was denied. Coca-Cola appeals.

SPECIFICATIONS OF ERROR
Coca-Cola alleges that the hearing officer committed manifest error in denying and rejecting its affirmative defense of intoxication by finding that Williams met his burden of proving that his "on the job" intoxication was not a contributing cause of the accident, and in holding that the burden of proof shifted back to Coca-Cola to prove that the jackknifing of the truck did not cause the accident. Plaintiff did not appeal nor answer the appeal; however, he notes as an issue in brief, that the hospital records were admitted into evidence without proper foundation and that therefore, the presumption of intoxication should never have applied.

ANALYSIS
La.R.S. 23:1081 reads in pertinent part as follows:
No compensation shall be allowed for an injury caused:
* * * * * *
... by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours
* * * * * *
In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for any cause or reason set forth in this Subsection, the burden of proof shall be upon the employer.
* * * * * *
If there was, at the time of the accident, evidence of either on or off the job use of a nonprescribed controlled substance as defined in 21 U.S.C. 812, Schedules I, II, III, IV, and V, it shall be presumed that the employee was intoxicated.
The foregoing provisions of this Section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether the employee was under the influence of alcoholic beverages or any illegal or controlled substance.

*111 For purposes of this Section the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
* * * * * *
In order to support a finding of intoxication due to drug use, and a presumption of causation due to such intoxication, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the results of employer-administered tests shall be considered admissible evidence when those tests are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer.
* * * * * *
Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
In the event a health care provider delivers emergency care to an injured worker later presumed or found to be intoxicated under this Section, the employer shall be responsible for the reasonable medical care provided the worker until such time as he is stabilized and ready for discharge from the acute care facility, at which time the employer's responsibility shall end for medical and compensation benefits. (Emphasis supplied).
It is clear from the language of the above statute that two presumptions apply in these cases: first, evidence of use of a non-prescribed controlled substance at the time of the accident creates a presumption that the employee was intoxicated. The employer has the burden of proof in this instance, and must carry his burden of proving the employee's drug use by a preponderance of the evidence. Once the employer has proven that the employee was intoxicated, the second presumption arises, that such intoxication caused the accident. At that point the burden of proof shifts to the employee to prove that the intoxication was not a contributing cause of the accident. If he does so, the intoxication defense of the employer is defeated.
In the present case, the hearing officer admitted the certified hospital records of plaintiff as evidence of intoxication by drug use. Plaintiff's objection to the use of these records is based on his interpretation of La. R.S. 23:1081(8), supra, which states that the results of employer-administered tests shall be considered admissible when those tests are the result of the testing for drug usage done pursuant to written promulgated policy established by the employer. Plaintiff urges that there was no such written promulgated policy in the present case.
It is clear that that portion of the statute is limited to the admissibility of drug tests administered by the employer, and not those tests performed in the course of ordinary medical treatment such as by a hospital as in the present situation and Thompson v. Capital Steel Co., 613 So.2d 178 (La.App. 1 Cir.1992), quoted by appellee as authority for his argument involve an employer sponsored test and is, therefore, inapplicable.
We interpret the statute to mean that a preponderance of evidence of use of a non-prescribed controlled substance is necessary to apply the presumption of intoxication. Once the presumption of intoxication is obtained, the presumption of causation under La.R.S. 23:1081(12). attaches. We find that the hearing officer admitted perfectly competent evidence consisting of the hospital records of tests performed in the hospital shortly after the accident, concerning cocaine and also codeine found in Williams' urine.
Proof by a preponderance requires that the evidence, taken as a whole, show that the fact sought to be proved is more probable than not. Prestenbach v. Sentry Ins. Co., 340 So.2d 1331 (La.1976). Therefore, we find that the objective medical evidence proved that it was more probable than *112 not that Williams had ingested cocaine and codeine which was present in his body at the time of the accident. The hearing officer was correct in his determination that Coca-Cola carried its burden of proving, by a preponderance of evidence, that plaintiff was intoxicated at the time of the accident. Having done so, the burden then shifted to Williams to prove that such intoxication was not a contributing cause of the accident.
In reading the transcript of the hearing, we do not find that the judge improperly shifted the burden of proof back to the employer. Rather, we find that he stated from the bench that Williams proved the accident was caused by something other than the cocaine ; and that the fact that the truck was incorrectly loaded caused it to jackknife. Because the statute is silent on the subject, we hold that the employee's burden of proof, which has now been shifted from the employer, relative to causation, is necessarily that of a preponderance of the evidence for the following reasons: (1) a "shifted" burden cannot be greater for one party then the other; and (2) this is especially true for an employee versus the employer.
This Court recently discussed the application of this burden in worker's compensation cases in Penny v. Avondale Container Service, 636 So.2d 980 (La.App. 5 Cir.1994) wherein we quoted from a case emanating in our Supreme Court:
In Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992) the Louisiana Supreme Court held at 361:
... the plaintiff in a compensation action has the burden of establishing a workrelated accident by a preponderance of the evidence. A worker's testimony alone may be sufficient to discharge the burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence. [citations omitted, emphasis supplied].

* * * * * *
In Bruno, supra, at 361 the court further held:
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. [citations omitted].
The Bruno court further noted at 361:
Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. Esco, 549 So.2d 840, 844-45 (La. 1989); [emphasis in quoted material].
In the present case, it is clear that the hearing officer determined plaintiff's version of the accident to be credible, although Williams contradicted the objective medical evidence of the drug tests by insisting that he had never taken cocaine. We are obliged to conclude that his credibility on that issue is a circumstance "casting suspicion on the reliability" of his other testimony and seriously damaged his credibility or is questionable at best; using the credibility evaluations guidelines given to us by the Supreme Court and quoted in Bruno, supra, the objective medical evidence submitted here casts serious doubt "and suspicion" on Williams' *113 version of events, and makes his uncorroborated testimony (and, therefore, his general credibility), quite dubious. The dilemma lies in the fact that this was the only evidence on the issue, and the only testimony at the hearing. In view of the circumstances pointed out above casting "suspicion" on the reliability of plaintiff's self-serving testimony, it was his burden to produce some other evidence proving by a preponderance that the one sided overloading of the truck caused the truck to jackknife and not the cocaine he had consumed which is now the presumed cause. This he failed to do.
The legislature has established two presumptions in favor of the employer in cases involving intoxication of employees. In Walton v. Normandy Village Homes Ass'n, Inc., 475 So.2d 320 (La.1985), the Supreme Court considered the burden of proof in a compensation case wherein the presumption of causation favored the employee. It was held there as follows:
Once the disabled employee establishes the presumption of a causal relationship, the party denying the existence of the presumed fact assumes both the burden of producing evidence and the burden of persuasion on the issue. See McCormick on Evidence (2d ed.) Sec. 342, p. 802. In other words, in order for the party denying the existence of the presumed causal relationship to prevail on the issue, he must produce evidence and persuade the trier of fact that it is more probable than not [that the work-injury did not accelerate, aggravate or combine with the preexisting disease or infirmity to produce his disability.]
The effect of the presumption is not so slight and evanescent that it is spent and disappears upon the mere production of evidence by the adversary. It is a true presumption which has been created for policy reasons that are similar to and just as strong as those that underlie the compensation principle itself: ....
Defendants had the burden of proving that the non-existence of the presumed fact.... was more probable than its existence. In applying this burden of proof, the trier of fact was required to decide the issue in favor of the employee if the trier of fact was convinced that existence of the presumed fact was more probable than its non-existence, that its existence was at least as likely as its non-existence, or if the trier of fact was in doubt as to its existence or non-existence.
As the Second Circuit has phrased in Shelton v. Wall, 614 So.2d 828 (La.App. 2 Cir. 1993):
If the evidence is evenly balanced or shows only some possibility that a workrelated event produced the disability or leaves the question open to speculation or conjecture, then the claimant fails to carry the burden of proof.
Even allowing for the credibility determination of the hearing officer, the evidence is in equipoise, at best, and does not meet the burden of proof that is requireda preponderance of the evidence. We cannot conclude that the presumed fact that Williams was intoxicated, and the resultant presumed fact that the cause of the accident was due to that intoxication, was less probable than Williams' mere self serving version of events.
In our opinion, any reasonable trier of fact, correctly applying this burden to the evidence in this case, would either conclude that the evidence clearly preponderates in favor of the existence of the presumed fact or finds himself seriously in doubt on this issue, and, therefore, would find the existence of the presumed fact. Therefore, we are obliged to find that the hearing officer was manifestly erroneous in determining that the plaintiff had met his burden of proving that his intoxication was not a contributing cause of the accident.

DECREE
For the foregoing reasons, the judgment of the hearing officer is reversed, and the claim is dismissed.
REVERSED.