831 So.2d 304 (2002)
Linda S. GROS
v.
Pierre F. GAUDIN and Maryland Casualty Company.
No. 02-CA-309.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 2002.
*305 Frank B. Hayne, New Orleans, LA, for Appellant Linda S. Gros.
Patrick C. Grace, Stephens & Grace, Metairie, LA, for Appellee Pierre F. Gaudin and Maryland Casualty Company.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and THOMAS F. DALEY.
JAMES L. CANNELLA, Judge.
Linda Gros, Plaintiff and Claimant in this worker's compensation action, appeals from the trial court judgment rendered in favor of the Defendants, her employer, Pierre Gaudin (Gaudin), and his insurer, Maryland Casualty Company (Maryland), which awards reimbursement of incurred medical expenses, but orders them to be paid to the medical providers instead of to the Claimant, and denies Claimant penalties and attorney fees. For the reasons which follow, we reverse and render judgment in favor of the Claimant.
The Claimant was employed at Gaudin's law firm in 1992 when she sustained a severe back injury by slipping down in the office. Claimant's case was before this Court previously and this Court held that the Claimant was entitled to reimbursement for medical expenses arising from her third back surgery. Because of an incomplete record, the case was remanded for a determination by the worker's compensation judge of the amount of the medical expenses due and whether the Claimant was entitled to penalties and attorney fees. Gros v. Gaudin, 00-1015 (La.App. 5th Cir.10/31/00), 773 So.2d 172, writs denied, 00-3242 (La.1/26/01), 782 So.2d 635.
On remand, there was no dispute about the amount of medical reimbursement due. The Claimant introduced into evidence her medical bills and the Defendants stipulated to the amount of the medical expenses. However, the Defendants made no payment despite this Court's ruling that reimbursement for the incurred medical bills was due. The Claimant went to trial against the Defendants to secure a judgment for her medical expenses. The Claimant renewed her request for penalties and attorney fees. Following the hearing, the worker's compensation judge, without reasons, ruled in favor of the Defendants, denying Claimant penalties and attorney fees and ordering that $3,815.33 of the $4,028.08 stipulated medical expenses be remitted directly to the respective medical providers. It is from this judgment that Claimant appeals.
On appeal the Claimant raises two issues, the same two issues presented at trial, that the worker's compensation court erred in ordering that the reimbursement for medical expenses be paid directly to the medical providers rather than to her and that the worker's compensation judge erred in denying her penalties and attorney fees. We find that the Claimant's arguments have merit.
In a worker's compensation action, a Claimant proves her entitlement to reimbursement for incurred medical expenses by proving the amount of the expenses and that they were reasonably necessary for treatment of a medical condition caused by the work injury. Augustus v. St. Mary Par., 95-2498 (La.App. 1st Cir.6/28/96), 676 So.2d 1144; Mitchell v. Abbeville General Hospital, 93-1146 (La.App. 3rd Cir.4/6/94), 635 So.2d 540. Following that, the burden shifts to the employer, or his *306 insurer, to establish a defense to payment of the incurred medical expenses.
Under La. R.S. 23:1212, the employer may meet this burden by proving that the expenses were already paid by someone other than the employee, a relative or friend.[1] The employer must judicially assert his right to a credit and present evidence to support his entitlement. Sears v. Berg Inc., 99-457 (La.App. 5th Cir.9/28/99), 742 So.2d 760; Parfait v. Gulf Island Fabrication, Inc., 97-2104 (La.App. 1st Cir.1/6/99), 733 So.2d 11.
No such allegations were pled in this case and no supporting proof was presented by the Defendants. The Defendants could have timely paid the presented medical bills by paying the medical provider as written proof of the expenses was received. However, they made no payments. In fact, the testimony at trial reveals that all of the medical bills were forwarded to the Defendant and were not paid. Further, they were again sent by certified mail and were refused by the Defendants and not paid. The Defendants contend here that they did not pay the bills to the providers because of fear of double payment. However, payment to the health care provider would have been a defense to this suit. Moreover, we find that had this been a sincere concern of the Defendants', then they could have timely deposited the funds into the registry of the court, which they did not.
The Claimant presented her evidence of the incurred medical expenses at trial, to which there was no dispute, since the Defendants stipulated to the accuracy of the amount. At that juncture of the case, at trial, the Claimant had presented her evidence, no intervention was made by any of the medical providers, and the Defendants offered no evidence in defense of payment. Thus, we find that the worker's compensation judge erred in not awarding judgment in favor of the Claimant in the full amount of her incurred medical expenses, $4,028.08.
The Claimant also argues here that the worker's compensation judge erred in denying her claim, without reason, for penalties and attorney fees. We agree.
La. R.S. 23:1201(E) requires the payment of incurred medical bills by the employer or his insurer within 60 days after receipt of written notice thereof. Based on the record before us, we find no legitimate reason presented for the Defendants' refusal to timely pay the Claimant's incurred medical expenses. In fact, we find the delay arbitrary.[2]
Payment of the Claimants medical bills was originally not made because the Defendants disputed the Claimant's entitlement. *307 That argument was resolved by this court against the Defendants. We held that the Defendants had to pay the incurred medical expenses and remanded for a determination by the worker's compensation judge of the amount due. Apparently, however, there was no dispute over the amount because the Defendants stipulated to it. Thus, there was no reason for the delay in payment.
La R.S. 23:1201(F) provides that the failure to pay incurred medical expenses timely (in accord with the statute) "shall result in the assessment of a penalty ... together with reasonable attorney fees."[3] Therefore we find that the workers' compensation judge erred in not assessing penalties and attorney fees in favor of Claimant. The amount of attorney fees was also stipulated to at trial and only entitlement was disputed. Therefore we find that the Defendants should have been assessed penalties in the amount of $2,000 and attorney fees in the amount of $5,000.
Accordingly, the judgment of the worker's compensation judge is reversed and judgment is rendered in favor of the Claimant and against the Defendants in the amount of $4028.08 for incurred unpaid medical expenses, $2,000 in penalties and $5,000 in attorney fees. Costs of appeal are also to be paid by the Defendants.
REVERSED AND RENDERED.
NOTES
[1] La. R.S. 23:1212 provides in full:

A. Except as provided in Subsection B, payment by any person or entity, other than a direct payment by the employee, a relative or friend of the employee, or by Medicaid or other state medical assistance programs of medical expenses that are owed under this Chapter, shall extinguish the claim against the employer or insurer for those medical expenses. This Section shall not be regarded as a violation of R.S. 23:1163. If the employee or the employee's spouse actually pays premiums for health insurance, either as direct payments or as itemized deductions from their salaries, then this offset will only apply in the same percentage, if any, that the employer of the employee or the employer of his spouse paid the health insurance premiums.
B. Payments by Medicaid or other state medical assistance programs shall not extinguish these claims and any payments made by such entities shall be subject to recovery by the state against the employer or insurer.
[2] A review of the entire record in this case evidences a consistent pattern of resistance and delay by the Defendant. In the original suit, the issue before us was whether the incurred medical expenses for the third surgery were compensable where the Claimant had undergone the surgery without prior authorization. This Court found that the Defendant's actions of repeatedly delaying and denying authorization constituted a denial of compensability, thereby providing an exception to the prior authorization requirement.
[3] La. R.S. 23:1201(F) provides in pertinent part:

Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner: