832 So.2d 345 (2002)
Sheila EMILIEN
v.
U.R. CONSTRUCTION.
No. 2002-CA-0278.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 2002.
*346 Sheila M. Emilien, New Orleans, LA, in Proper Person for Plaintiff/Appellant.
John J. Rabalais, Michael K. Springmann, Rabalais, Unland & Lorio, Covington, LA, for Defendant/Appellee.
(Court composed of Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY, III, and Judge DENNIS R. BAGNERIS, SR.).
DENNIS R. BAGNERIS, SR., Judge.
Sheila Emilien brought a negligence action against U.R. Construction, and a claim for benefits with the Office of Workers' Compensation, alleging that she injured her back and foot in a work accident that occurred on June 1, 1999. Ms. Emilien's chief complaint was that she incurred disabling injuries as a result of this accident. After undertaking discovery that centered on the medical records and deposition testimony of the treating physician, the defendant moved for summary judgment, and the trial court granted this motion, dismissing the plaintiff's claim with prejudice.
The plaintiff now appeals from this judgment, asserting one assignment of error that the trial court erred in granting summary judgment without all the facts. For the following reasons, we affirm the trial court's judgment.

FACTS
Ms. Emilien was hired by U.R. Construction as a laborer in April 1999. This case arises out of an alleged June 1, 1999 lifting accident that occurred on the roof of Harrah's Casino. While working as a laborer, the Plaintiff allegedly fell over materials on the roof, where she injured her left foot and her back. After being carried down to the first floor, she was treated on site by safety workers and then taken to Concentra Medical Center on Baronne Street, where Dr. Espenan treated her. After her initial treatment at the Concentra Medical Center, Dr. Bernard Manale, an Orthopedist, also treated her. The majority of evidence gathered during discovery consists of medical records and treating physician testimony of Dr. Bernard Manale.
Specifically, Dr. Manale was deposed on March 28, 2001. This deposition and his medical records demonstrate that he diagnosed the Plaintiff with the following injuries: cervical sprain, possible radiculitis and cervical spondylosis (arthritis of the spine). On September 21, 1999 Dr. Manale recommended a cervical MRI. Regarding these conditions, Dr. Manale concluded to a reasonable medical probability that the observations from the September MRI were not related to the accident of June 1, 1999.
Dr. Manale also diagnosed the following mid-back/thoracic problems in the plaintiff: compression deformity-thoracic vertebra T6 Rule Out Fracture; and compression fracture T5 and/or T6. Dr. Manale testified in his deposition that he could not say if these thoracic problems are related to the June 1, 1999 accident, or not. Per his interpretation of the thoracic MRI of November *347 1, 1999, he stated that the results of the said MRI were inconclusive.
With regard to the Plaintiff's lower back, Dr. Manale made the following diagnoses: lumbago, lumbar sprain, lumbosacral radiculitis, and lumbosacral neuritis. Dr. Manale also testified that the Plaintiff's December 7, 1999 visit was the first time that the Plaintiff complained of low back pain. Dr. Manale found that he couldn't relate the low back complaints to the June 1, 1999 accident date without symptoms in that area of the Plaintiff's body. Dr. Manale also found that he could not relate his findings of bilateral SI radiculopathy, to the accident per the results of April 11, 2000 EMG/nerve conduction studies.

PROCEDURAL HISTORY
On September 21, 2000, the Plaintiff filed Form 1008 with the Louisiana Department of Labor, setting forth in summary fashion her version of the above-mentioned facts related to the alleged accident. After considerable discovery centering on the Plaintiff's medical condition, Defendant moved for Summary Judgment.
On October 1, 2001, the trial court granted the Defendant's Motion for Summary Judgment. In its reasons for granting summary judgment, the trial court noted the following: inter alia:
The general principle of law is that claimant is entitled to a "healthy employee" presumption that the accident was a cause of the disability, if the claimant was in good health before the accident, the symptoms of the disabling condition appeared after the accident and the symptoms were continuous thereafter and if there is a reasonable probability of a causal connection between the accident and disabling condition. [sic]
However, there is no affidavit by claimant nor any other evidence as to the status of her health before the accident. Therefore, claimant is not afforded the "healthy employee" presumption.
The medical records of Concentra Medical Center, defendant's choice are sketchy at best. But, there is a diagnosis of "thoracic sprain" on June 3, 1999.
Defendant did not offer any evidence of any intervening accident except in Dr. Manale's deposition that claimant said she had an automobile accident December 28, 1999.
However, by Dr. Manale's records, claimant complained of low back pain on December 7, 1999, which was prior to the automobile accident. (See typed office notes of December 7, 1999.) Dr. Manale can not [sic] relate a "thoracic injury" to the accident on June 1, 1999. He opined it "too close to call." (Depo. Dr. Manale p. 33)
Defendant attorney asked numerous questions to Dr. Manale about claimant's Charity records on drug abuse and mental illness. Dr. Manale did not see the Charity records. Furthermore, nothing was introduced to support those questions on drug abuse and mental illness except claimant's statement to Dr. Manale that was claimant [sic] a recovering addict. (Dr. Manale depo. P. 44)
Claimant's first Complaint of left foot pain to Dr. Manale was on October 26, 2991[sic]. Dr. Manale opined it was possibly due to radicular symptom from her lumbar spine or thoracic. (Depo. Dr. Manale p. 38)

The MRI done on November 1, 2999[sic] of thoracic spine, which showed "wedging of T-4." (Depo. Dr. Manale p. 40). However Dr. Manale *348 did not have enough information to relate it to the June 1, 1999 accident. (Depo. Dr. Manale p. 41). Claimant did not complain etc.........
Claimant has failed to carry her burden of proof that any of her complaints were caused by or aggravated by the June 1.1999 accident.
This is a final appealable judgment as this case has been dismissed with prejudice because claimant can not carry her burden of proof the accident was a factor is [sic] the causation of these injuries.

DISCUSSION
Plaintiff/Appellant alleged in one assignment of error that is reversible error that counsel was not present at the time of the deposition of Dr. Manale, and that the trial court erred in granting summary judgment without all the facts. The latter issue comprises the thrust of the Plaintiff's argument, which would have this court believe that there is "new evidence" that the trier of fact did not have at the time of the hearing. To wit, the Plaintiff attached excerpts of Dr. Manale's records and excerpts of his March 28, 2001 deposition. These records included the records, which the Plaintiff attached to her brief, namely the July 13, 1999 hand-written notes, the Patient Questionnaire and the typed July 13, 1999 office visit notes and the August 10, 1999 hand-written office notes. Defendant, in its reply, asserts that the trial court was correct in granting the Motion for Summary Judgment as the records and testimony then in evidence show that the claimant cannot carry her burden of proof that the work accident caused her neck, mid-back/thoracic and low back injuries in the said work accident. Plaintiff argues that the trial court granted Summary Judgment without all the facts[1].
A Motion for Summary Judgment is properly granted when the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is not genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. As stated in the recently amended article 966, Summary Judgments are now favored to secure the just, speedy and inexpensive determination of every action. La. C.C.P. art. 966(C).
The party moving for Summary Judgment has the burden of proving (1) that no genuine issue of material fact exists; and (2) that reasonable minds must inevitably conclude that move is entitled to judgment as a matter of law. Sharp v. Noble Drilling Corp., 685 So.2d 608, 612 (La.App. 3 Cir 1/18/96). Although the initial burden of proof remains with the mover, under amended article 966, once the move has made a prima facia showing that the motion should be granted, the burden shifts to the party opposing the Summary Judgment to present evidence demonstrating that material factual issues remain. Hayes v. Autin, 685 So.2d 691, 695 (La. App. 3 Cir.1996). The purpose of the Summary Judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hayes, 685 So.2d at 695, citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 584, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
*349 A plaintiff in a workers' compensation action, as in other civil actions, has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert International Inc.,, 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La. 1991). If the evidence is evenly balanced or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation or conjecture, then the claimant fails to carry the burden of proof. Shelton v. Wall, 614 So.2d 828 (La.App. 2 Cir.1993); Williams v. Louisiana Coca-Cola Co., 652 So.2d 108 (La.App. 5 Cir.1995).
In Williams and Shelton, supra, the medical evidence did not support the conclusions that the claimant's conditions were job related. Specifically with no objective findings of a disability, the court in Shelton denied benefits. The resolutory nature of this principle is further set forth in La.R.S. 23:221(D), as follows:
An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point what a reasonably reliable determinant of the extent of disability of the employee may be made and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required.
To restate, where there exists no objective finding of a disability, the claimant is not entitled to benefits.
We find that the trial court's findings are supported by the record. It is clear from the record that Dr. Manale could not relate the Plaintiff's injuries to the work accident, which precludes the Plaintiff from meeting her burden of proof. Further, we found nothing in the trial record to place at issue a genuine issue of material fact that could have been cited to prevent the Summary Judgment. Also, the claims that the medical records and deposition testimony submitted are new evidence can not be sustained. Rather, these documents were introduced into evidence as an exhibit at the hearing of the Defendant's Motion for Summary Judgment, and they appear to have been appropriately considered by the trier of fact.

CONCLUSION
Accordingly, the Trial Court's granting of Summary Judgment in favor of the Employer'/Defendant and its dismissal of the claim with prejudice is affirmed.
AFFIRMED.
NOTES
[1] On page 5 of Dr. Manale's deposition, the Defendant's counsel noted that the Plaintiff was properly noticed with Dr. Manale's deposition and that she chose to wave her appearance at his deposition. The law is clear that a claimant can represent herself pro se. The law is also clear that a deposition can go forward even though a party might waive their appearance at said deposition.