930 So.2d 368 (2006)
Nancy Malone FOLEY, Plaintiff-Appellant
v.
SPORTRAN, CITY OF SHREVEPORT, Defendant-Appellee.
No. 40,624-WCA.
Court of Appeal of Louisiana, Second Circuit.
May 17, 2006.
*369 Nancy Malone Foley, In Proper Person.
Law Offices of Ronald F. Lattier, LLC by Ronald F. Lattier, Curtis R. Joseph, Jr., Shreveport, for Appellee.
Before STEWART, CARAWAY and DREW, JJ.
STEWART, J.
In this workers compensation case, Nancy Foley ("Foley") appeals the Workers Compensations Judge's (WCJ) grant of her employer's, Sportran/City of Shreveport ("City"), motion for summary judgment. For the reasons that follow, we affirm.

FACTS
On August 13, 2001, Nancy Foley allegedly slipped while entering a bus she was driving and fell between the bus and a curb. She apparently sustained injuries to her hip, leg, and ankle. Foley was initially treated for her injuries by Dr. Raymond Dennie at Willis Knighton WorkKare, and subsequently referred to the Work Conditioning *370 Center for therapy under the direction of Paul Procell, an occupational therapist. Mr. Procell reported that the claimant had provided inappropriate pain behavior within therapy and determined that Foley was medically able to return to work in a light duty capacity, and was in no way disabled or otherwise unable to work. Dr. Dennie discontinued therapy and released Foley to light duty with no bus driving with a referral to an orthopedic surgeon or neurosurgeon of her choice.
Following her release from Dr. Dennie, Foley selected Dr. Gordon Mead as her orthopedist. His initial diagnostic testing revealed nothing to corroborate her subjective complaints of pain. Foley was further evaluated by Dr. M. Ragan Green, Dr. Karl Bilderback, Dr. Robert Goodman, and Dr. Roan Flenniken. None of these physicians opined that Foley was disabled or otherwise unable to work as a result of an alleged workplace injury.
The trial court granted the defendant's motion for summary judgment and this appeal ensued.

DISCUSSION

Summary Judgment
The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine issue of material fact. Brown v. International Paper Co., 38,892 (La.App.2d Cir.9/22/04), 882 So.2d 1228, writ denied, 2004-2865 (La.1/28/05), 893 So.2d 78. Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except certain domestic actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). The motion should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial, then the mover may merely point out to the court the absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the plaintiff to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966(C)(2). Appellate review of the grant or denial of summary judgment is de novo. Jones v. Estate of Santiago, XXXX-XXXX (La.4/14/04), 870 So.2d 1002. A plaintiff in a workers' compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Emilien v. U.R. Construction, XXXX-XXXX (La.App. 4th Cir.10/30/02), 832 So.2d 345; Qualls v. Stone Container Corporation, 29,794 (La.App.2d Cir.9/24/97), 699 So.2d 1137; Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992); Nelson v. Roadway Express, Inc., 588 So.2d 350 (La.1991). Proof by a preponderance of evidence means that the fact or cause sought to be proved is more probable than not. James v. McHenry, 36,098 (La.App.2d Cir.9/18/02), 828 So.2d 94. He must establish a causal link between the work-related accident and his injury. Rhodes v. Terrebonne Parish Sheriff, 2001-2279 (La.App. 1st Cir.6/21/02), 822 So.2d 114; Qualls, supra. If the evidence is evenly balanced or shows only some possibility that a work-related event produced the disability or leaves the question open to speculation or conjecture, then the plaintiff fails to carry the burden of proof. Emilien, supra; Shelton v. Wall, 614 So.2d 828 (La.App. 2d Cir.1993); Williams v. Louisiana Coca-Cola Co., 94-810 (La. App. 5th Cir.3/1/95), 652 So.2d 108.
*371 In order to meet the preponderance burden, the evidence must show sudden objective findings of an injury, rather than mere manifestation of a gradual deterioration or progressive degeneration. Qualls, supra; Jones v. AT & T, 28,059 (La.App.2d Cir.2/28/99), 669 So.2d 696.
Unfortunately for Ms. Foley, she has presented no evidence to support her claim for workers' compensation benefits. She has been seen by no less than six doctors and none of them has opined that she is disabled and unable to return to work. In his August 31, 2001, work conditioning discharge summary to Dr. Dennie, Mr. Procell assessed that Foley has tolerated therapy poorly without benefit because of "inappropriate pain behavior" and her inability to perform any stretches or exercises to assist with recovery of her injury. Mr. Procell recommended that Foley be discharged from therapy until these behaviors were resolved. Dr. Mead testified that at no time during his treatment of Foley did he ever assign any disability rating regarding her alleged workplace injury. He opined that she was not disabled or otherwise unable to return to her previous employment. During his treatment of Foley, Dr. Bilderback found no objective evidence of Foley's subjective complaints. In fact, he opined that Foley presented symptom magnification. Our examination of the medical records presented by Foley's treatment with Dr. Flenniken, and Dr. Goodman does not demonstrate any connection between the workplace injury and any of the subjective complaints of Ms. Foley.

Workers Compensation Benefits
The plaintiff also claimed disability benefits, including supplemental earnings benefits ("SEB") and temporary total disability benefits ("TTD"). An employee is entitled to receive TTD benefits only if he proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment. Nelson v. City of Grambling, 31,303 (La.App.2d Cir.12/9/98), 722 So.2d 358; Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657; Johnson v. Temple-Inland, 95-948 (La.App. 3rd Cir.1/31/96), 670 So.2d 388. To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than is nonexistence. Nelson v. City of Grambling, supra; Knotts v. Snelling Temporaries, supra; Johnson v. Temple-Inland, supra.
Since the 1989 amendment to 23:1221(1)(d), maximum medical improvement alone has not been the standard for the termination or eligibility of TTD benefits. Rather, an employee is ineligible for TTD benefits when his physical condition has resolved itself to the point that a "reasonably reliable determination of extent of disability" may be made and "continued, regular treatment by a physician is not required," or six months after the injury, whichever occurs first. Mitchell v. AT & T, 27,290 (La.App.2d Cir.8/28/95), 660 So.2d 204. However, upon reaching maximum medical improvement ("MMI"), an injured worker who is able to return to work, even in pain, is no longer eligible for TTD benefits, but instead is relegated to SEB. Nelson v. City of Grambling, supra; Foster v. Liberty Rice Mill, 96-438 (La. App. 3rd Cir.12/11/96), 690 So.2d 792.
To qualify for SEB, a plaintiff is required to prove by a preponderance of the evidence that a work related injury resulted in the inability to earn 90% or more of the pre-injury wages. LSA-R.S. 23:1221(3)(a); Nelson v. City of Grambling, supra; Banks v. Industrial Roofing *372 & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551. The purpose of SEB is to compensate the injured employee for the wage-earning capacity he has lost as a result of his accident. Nelson v. City of Grambling, supra; Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra.
Under LSA-R.S. 23:1221(3)(a), an employer may preclude SEB by establishing that the employee is physically able to perform a certain job and that the job was offered to the employee, or that the job was available to the employee, in his or the employer's community or reasonable geographic region. Nelson v. City of Grambling, supra; Banks v. Industrial Roofing & Sheet Metal Works, Inc., supra. Once the employer demonstrates the employee is capable of work, and appropriate work is available, then the claimant must prove by clear and convincing evidence, unaided by a presumption of disability, that he is unable to perform the employment offered.
Ms. Foley simply has not demonstrated that she is entitled to any workers compensation benefits. We find no error in the WCJ's grant of the defendant's motion for summary judgment.

CONCLUSION
Based on the above, we affirm the judgment of the WCJ.
AFFIRMED.