794 So.2d 958 (2001)
Evelyn M. TATUM, Plaintiff-Appellee,
v.
ST. PATRICK'S PSYCHIATRIC HOSPITAL, Defendant-Appellant.
No. 34,957-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 2001.
*959 Collins C. Rossi, Richard C. Ely, Jr., Counsel for Appellant.
Street & Street, by D. Randolph Street, Counsel for Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
GASKINS, Judge.
St. Patrick's Psychiatric Hospital appeals from a judgment of the Office of *960 Workers' Compensation (OWC) awarding claimant Evelyn M. Tatum $9,000 in attorney fees due to the hospital's failure to pay a compensation judgment within 30 days after payment was due. Ms. Tatum answers the appeal seeking an increase in attorney fees for defending this appeal. For the following reasons, we amend and affirm the judgment below.

FACTS
On December 23, 1996, Ms. Tatuma mental health technician and phlebotomist at St. Patrick's Psychiatric Hospitalwas physically attacked by a patient. The attack caused substantial bodily injury to Ms. Tatum, and she brought a workers' compensation claim against the hospital seeking payment for medical expenses. After a hearing, the OWC judge found in Ms. Tatum's favor and ordered the hospital to pay for medical treatment and mileage. This court affirmed the decision of the OWC on appeal. Tatum v. St. Patrick's Psychiatric Hospital, 32,616 (La. App.2d Cir.12/30/99), 748 So.2d 1276, writ denied, XXXX-XXXX (La.3/24/00), 758 So.2d 157.
On March 27, 2000, Ms. Tatum's attorney wrote a letter to the hospital's attorney stating that the judgment in Ms. Tatum's favor was final and asking that the hospital's adjuster contact Ms. Tatum's doctors and authorize the recommended treatment. He also requested immediate payment of the mileage award. On April 5, 2000, Ms. Tatum's attorney wrote the hospital's attorney again, proposing a settlement but asking that the hospital act swiftly because Ms. Tatum would be seeking statutory penalties if the judgment were not timely satisfied. The hospital's attorney responded with a request that Ms. Tatum provide certain information. On May 1, 2000, Ms. Tatum's attorney replied with a letter indicating that the information had already been provided and that the appropriate persons already had "all the information one could possibly need" and again asking that the adjuster contact the healthcare providers to authorize treatment. On June 8, 2000, the case manager for Ms. Tatum's claim wrote Ms. Tatum's attorney and noted that it had made appointments with three of her doctors and had an appointment pending with a fourth doctor.
On June 12, 2000, Ms. Tatum filed with the OWC a motion seeking penalties against the hospital for its failure to pay the judgment. The motion alleged that the hospital "still has not paid the judgment, nor authorized any of the medical treatment awarded therein, as of the date of this Motion." The motion sought statutory penalties and attorney fees. On June 15, 2000, Ms. Tatum's attorney wrote the hospital's attorney a fourth letter asking specifically for approval of treatment recommended by Ms. Tatum's orthopedic surgeon.
The hospital responded to Ms. Tatum's motion for penalties with various procedural objections and substantively asserted that the hospital "has not been contacted by any of the five physicians listed in this Court's Order to approve treatment nor has the [hospital] denied [c]laimant authorization to see any of those five physicians." The hospital further asserted that its medical case manager learned that the claimant had not seen any of the five doctors in question since before the trial.
The matter came before the OWC for hearing on July 17, 2000. Ms. Tatum said that the hospital had not yet reimbursed her for mileage she incurred while visiting her treating physicians; the pertinent exhibit shows that she traveled a total of 3,404 miles visiting various doctors. She also said that she had not yet received the medical treatment that was previously ordered *961 by the OWC. However, there was no testimony from Ms. Tatum's attorney concerning the amount of time spent pursuing her effort for approval of treatment by the hospital. The worker's compensation judge (WCJ) decided that the hospital had not timely paid the judgment and assessed a penalty of $3,000 against the hospital and cast the hospital with $9,000 for Ms. Tatum's attorney fees. The WCJ subsequently signed a judgment to that effect, and the hospital brought a suspensive appeal. Ms. Tatum answered the appeal, seeking an additional award of attorney fees of $1,000 for work performed on appeal.

DISCUSSION
The hospital has not argued on appeal that the OWC erred in finding that it failed timely to satisfy the judgment. Instead, the hospital's only assignment of error concerns the amount of the attorney fee award. The hospital urges that the $9,000 award is excessive and unreasonable.
La. R.S. 23:1201(G) provides, in pertinent part:
If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred dollars per day together with reasonable attorney fees, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. [Emphasis added]
A WCJ has great discretion in the award of attorney fees and penalties, and a decision concerning the award of attorney fees will not be disturbed absent an abuse of discretion. Ward v. Phoenix Operating Company, 31,656 (La.App.2d Cir.2/24/99), 729 So.2d 109. The award of attorney fees is a type of penalty in workers' compensation matters. However, the penalty for the behavior is the imposition of the attorney fee, rather than the amount of the attorney fee. The amount of the fee must be assessed in accordance with law, i.e., the fee must be reasonable. Ward, supra; Langley v. Petro Star Corp. of La., XXXX-XXXX (La.6/29/01), 2001 WL 754813. The degree of bad faith exhibited by the employer is not an appropriate factor in determining the amount of attorney fees to be awarded under La. R.S. 23:1201(G). Langley, supra. The factors to be considered in the imposition of the attorney fee in workers' compensation cases include the degree of skill and ability exercised by the attorney, the amount of the claim, the amount recovered for the claimant, and the amount of time the attorney devoted to the case. Ward, supra; Langley, supra. There is no requirement that the trial court hear evidence concerning the time spent or the hourly rates charged to make an award of attorney fees since the record will reflect much of the services rendered. Bagwell v. Bagwell, 29,756 (La.App.2d Cir.8/20/97), 698 So.2d 746.
Although this court has not addressed the propriety of an award of attorney fees under section G of the statute (which applies to postjudgment awards), we have addressed similar awards under section F (which addresses prejudgment awards). In Harvey v. B E & K Construction, 33, 475 (La.App.2d Cir.10/4/00), 770 So.2d 819 (on rehearing), this court affirmed under section F a $6,000 award of attorney fees for the claimant's attorney who recovered $24,690 in supplemental earnings benefits for the claimant and "who had to prepare and file a petition, prepare for and attend mediation, answer unnecessary discovery, *962 prepare for trial and try the case." In Ward, supra, this court reduced a $4,000 award to $2,500:
The record reflects that there was no motion practice undertaken, little discovery and no depositions taken. There was a brief trial in which Ward's counsel put on no witnesses and entered only two exhibits.
Under La. R.S. 23:1201(G), we consider only the attorney's effort in seeking to enforce the final judgment, not efforts leading up to that judgment as those costs are covered by section F of the statute. Nevertheless, we consider the amount of the judgment relevant for the determination. In this case the record reflects that counsel sought to enforce a judgment that would allow Ms. Tatum to undergo at least two surgical procedures and be treated by several physicians. Although the value of this treatment is not set forth in the record, we do not assume that it is de minimis. Additionally, the plaintiff was seeking payment for 3,404 miles traveled for medical treatment. The record further reflects that counsel wrote four letters to the hospital's attorney in the effort to have the hospital approve the treatment as ordered by the OWC. The attorney's motion culminated in a brief hearing where 11 exhibits were introduced.
Although the record suggests that Ms. Tatum's attorney performed more work than did the attorney in Ward, supra, we believe that the WCJ was clearly wrong in awarding $9,000 in attorney fees. The record does not reflect extensive labor by Ms. Tatum's attorney in conjunction with the enforcement of the judgment once it became final, the proper inquiry under La. R.S. 23:1201(G). We accordingly amend the award to $3,500, the most the WCJ could have awarded for the work performed postjudgment by the plaintiff's counsel.

CONCLUSION
The judgment of the trial court is amended to reduce the claimant's attorney fees from $9,000 to $3,500. In all other respects, the judgment is affirmed. Costs are assessed equally to both parties.
AMENDED AND, AS AMENDED, AFFIRMED.
CARAWAY, J., concurs.