989 So.2d 848 (2008)
Jason L. WELLS, Plaintiff-Appellant
v.
Brandon HIGGINBOTHAM, et al., Defendants-Appellees.
No. 43,472-CA.
Court of Appeal of Louisiana, Second Circuit.
August 13, 2008.
Rehearing Denied September 11, 2008.
*849 Anthony L. Bruscato, Monroe, Anthony B. Inzina, for Appellant, Jason L. Wells.
Hudson, Potts & Bernstein, by Brian P. Bowes, Monroe, for Appellee, Guide Corporation.
Daniel A. Ranson, Gretna, for Appellee, Securitas Security Services USA, Inc.
Before BROWN, STEWART, and GASKINS, JJ.
BROWN, Chief Judge.
Plaintiff alleges in this tort action that he suffered serious injuries while on the job when clubbed from behind by an intruder. Plaintiff filed a tort action against the perpetrator, his employer, and the security company that was hired by the employer. Based solely on the allegations of plaintiff's petition, the employer filed a motion for summary judgment. No affidavits or depositions were submitted by either plaintiff or the employer. The trial court concluded that it was undisputed that plaintiff "was within the course and scope of his employment when he was attacked" and that plaintiff's exclusive remedy was in workers' compensation. The court granted summary judgment dismissing plaintiff's tort action against his employer. We reverse and remand.

Facts
Although sounding like an exception of no cause of action, the summary judgment motion filed by the employer was based upon the allegations contained in the petition.
*850 Below is a summary of the pertinent parts of the petition:
1) On September 12, 2006, Jason Wells ("plaintiff') was employed by defendant, Guide Louisiana, LLC ("Guide"), which operated a headlight plant in Monroe, Louisiana. While working as a supervisor on Guide's premises, plaintiff was bashed on the head with a flashlight by Brandon Higginbotham. Plaintiff suffered injuries to his head and was hospitalized.
2) Prior to the assault, Higginbotham, who was also an employee of Guide, had finished his shift, clocked out, and left the premises. A short time later, Higginbotham returned to the plant and attacked plaintiff. There is nothing in the record to show the reason for the attack.

Discussion
Workers' compensation is a compromise where an employee recovers, regardless of fault, a limited amount of benefits. If the employee is covered for workers' compensation, it is his exclusive remedy and the employer is immune from a tort action. La. R.S. 23:1032. The existence of a workers' compensation bar to a tort action is an affirmative defense with the burden of proof on the employer. Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992).
The employer is responsible for compensation benefits to an employee who is injured by an accident which occurs in the course of the employment and arises out of the employment. La. R.S. 23:1031. Compensation benefits are the employee's exclusive remedy against his employer for such an injury. La. R.S. 23:1032. When the employer seeks to avail itself of tort immunity under Section 1032, the employer has the burden of proving entitlement to immunity. (Emphasis added).
Mundy, supra at 349.
In this case, the trial court found that plaintiff was within the course of his employment when he was attacked; however, to be covered under workers' compensation, the injury not only must occur in the course of employment but also must arise out of the employment. This is a dual requirementthe terms "arising out of" and "in the course of" are not synonymous. "Arising out of suggests inquiry into character or origin of risk while "in the course of brings into focus time and place in relation to risk and employment. The two requirements cannot be considered in isolation from each other. La. R.S. 23:1031; Guillory v. Interstate Gas Station, 94-1767 (La.03/30/95), 653 So.2d 1152. A strong showing that the accident occurred in the course of employment may compensate for a weak showing that the accident arose out of employment, or vice versa. Id.
It is clear that the incident that led to plaintiff's injury occurred "in the course of his employment, as, at the time of the alleged attack, plaintiff was on Guide's premises and engaged in the work for which he was employed. It is unclear, however, that the alleged attack "arose out of his employment. Guide relies solely on the strong showing that plaintiff was within the course of his employment when attacked and thus would entirely discount the "arising out of element.
La. R.S. 23:1031(E) provides:

An injury by accident should not be considered as having arisen out of the employment and thereby not covered by the provisions of this Chapter if the employer can establish that the injury arose out of a dispute with another person or employee over matters unrelated to the injured employee's employment. (Emphasis added).
The principal objective of the "arising out of employment requirement is to *851 separate accidents attributable to employment risks, which form the basis of the employer's obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible. Mundy, supra.
In Guillory, supra, the supreme court found that an employee of a gas station shot by her estranged husband while she was in the course and scope of her employment was not an accident due to employment risks, but rather, was an injury due to a personal risk. In Mundy, supra, an employee of a hospital entered a hospital elevator with the intention of traveling to a higher floor were she worked. She was assaulted by a random attacker in the elevator. She sued her employer, alleging that the attack occurred due to inadequate security. The employer moved for summary judgment, alleging that the plaintiff's only remedy was in workers' compensation. The supreme court examined the facts relating to "course and scope" and "arising out of and concluded that there was no compensation bar. The court reasoned that it was necessary to look at the nature and circumstances of the employment to determine whether the fact of employment exposed the victim to a risk different from, and greater than, the risk faced by members of the general public. The court concluded that the employer failed to meet its burden of proving that the incident either arose out of or in the course of plaintiff's employment and therefore, was not entitled to tort immunity.
In Stacy v. Minit Oil Change, 31,985 (La.App. 2d Cir.06/16/99), 742 So.2d 929, the claimant sued for workers' compensation benefits for an injury he sustained when a co-worker struck him at their employer's place of business. It was alleged that the acrimony that ultimately led to violence was precipitated by a non-work related matter. However, this court, after examining the facts and circumstances surrounding the injury, found that the immediate cause of the altercation was a disagreement between two co-workers over who had superior work authority, and thus this court found that the injury did arise out of the claimant's employment.
The jurisprudence is clear that the nature of an attack must be examined to determine whether or not that attack arose out of the victim's employment. Such an analysis in this case is impossible because there is no evidence as to Higginbotham's possible motive for attacking plaintiff. Summary judgment was granted before either party could depose any of the witnesses or submit any affidavits. As noted, the employer has the burden of proving its entitlement to tort immunity. Mundy, supra.
Summary judgments are subject to a de novo review on appeal using the same criteria as the trial court to determine whether summary judgment is appropriate. Magnon v. Collins, 98-2822 (La.07/07/99), 739 So.2d 191; Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La. App. 2d Cir.01/23/02), 806 So.2d 945. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Gootee Construction, Inc. v. Amwest Surety Insurance Company, 03-0144 (La.10/10/03), 856 So.2d 1203.
The petition in this case asserts a personal injury cause of action. The employer presented nothing to show that this injury arose out of plaintiff's employment and that plaintiff's exclusive remedy was under workers' compensation. We find *852 that the trial court erred in granting Guide's motion for summary judgment.

Conclusion
For the reasons stated above, we reverse the trial court's ruling granting summary judgment in favor of defendant, Guide Louisiana, LLC, and remand for further proceedings. Costs are to be paid by defendant, Guide Louisiana, LLC.
REVERSED and REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, GASKINS, DREW and MOORE, JJ.
Rehearing denied.